UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUS WHO, on behalf of all victims and Individuals whom have a stake in this action, et al.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. GOVERNMENT,<br><br>　　　　Defendant. | Case No. 5:16-cv-02993-EJD<br><br>**ORDER:**<br><br>**ADOPTING REPORT AND RECOMMENDATION;**<br><br>**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS;**<br><br>**DISMISSING COMPLAINT**<br><br>Re: Dkt. Nos. 2, 9 |

## I. INTRODUCTION

Anonymous Plaintiff Gus Who ("Plaintiff"), a "Prophetic Dreamer" who alleges to have predicted that a "Mega Fracking Earthquake" will occur in Oklahoma at some future time, filed this case against the "U.S. Government" on behalf of himself and "all victims and Individuals whom have a stake in this action" based on "fishy numbers" issued by the United States Geological Survey. In addition to the Complaint that commenced this action, Plaintiff filed an application to proceed in forma pauperis ("IFP") as well as a motion for permission to file documents electronically. Dkt. Nos. 2, 3.

Magistrate Judge Nathanael Cousins, to whom the case was previously assigned, issued two orders in response to Plaintiff's additional documents. In the first, Judge Cousins denied

1

Case No.: 5:16-cv-02993-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT

Plaintiff leave to file documents electronically and ordered Plaintiff, by July 15, 2016, to either refile the complaint using his real name or to file a motion demonstrating why Plaintiff is entitled to remain anonymous under the applicable legal standard. Dkt. No. 6. Plaintiff thereafter filed an "amendment to complaint" and a response, neither of which complied with Judge Cousins' instructions. Dkt. Nos. 7, 8.

In his second order, Judge Cousins undertook review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), concluded the allegations failed to state a claim and were "wholly incredible," and recommended the court dismiss the Complaint with leave to amend so that Plaintiff may clarify the law upon which any claim is based. Dkt. No. 9.

This case was reassigned to the undersigned on July 21, 2016. Dkt. No. 10. Having reviewed Judge Cousins' recommendation in conjunction with Plaintiff's filings, the court concurs that the Complaint is inadequate under the § 1915(e) standard. Accordingly, Judge Cousins' recommendation will be adopted and the Complaint dismissed with leave to amend pursuant to the following discussion.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed by IFP plaintiffs prior to service and may dismiss a case at any time the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. Dismissals under this section are not dismissals on the merits. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); see Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). At

2

Case No.: 5:16-cv-02993-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT

the same time, however, dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Indeed, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Legal conclusions without facts to support them will not do; the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In addition, "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton, 504 U.S. at 32-33 (internal citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33. "[F]rivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition." Id.

Furthermore, where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick, 213 F.3d at 447. But while the standard for review is liberal, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Here, neither the Complaint nor any of the subsequent amendments filed by Plaintiff identify exactly what legal claim he has attempted to assert against the "U.S. Government." Though the Complaint makes reference in the caption to "racketeer influenced and corrupt organizations," Plaintiff has not alleged sufficient factual allegations to make out a claim for civil liability under 18 U.S.C. § 1962(c) to the extent that statute is invoked. See Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996) ("The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate

acts') (5) causing injury to the plaintiff's 'business or property.'").  In any event, sovereign immunity would bar a RICO claim against the "U.S. Government" even if Plaintiff had alleged potentially relevant facts.  See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."); see also Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991) ("It is clear that there can be no RICO claim against the federal government . . . since it is self-evident that a federal agency is not subject to state or federal criminal prosecution." (citations omitted)).

Furthermore, the Complaint in its current form falls squarely within the standard for frivolousness outlined in Denton.  The allegations stating that Plaintiff is a "Prophetic Dreamer" who can predict fracking-related earthquakes in Oklahoma as well as, most recently, a plane "carrying American lives going down in the ocean between Rio (the Olympic Games) and the US in about a week (right after the games end)" are certainly fanciful and fantastic, if not also delusional.  And the fact that Plaintiff has failed to identify himself in his pleadings, even after being advised to do so by Judge Cousins, only magnifies the conclusion that this case rises to the level of irrational and wholly incredible.

Because the Complaint both lacks a cognizable legal theory, potentially seeks relief from an immune party, and is frivolous, this action is subject to dismissal under § 1915(e)(2) in accordance with the order below.

### III.   ORDER

Based on the foregoing, the court ADOPTS the Report and Recommendation issued by Judge Cousins on July 21, 2016 (Dkt. No. 9), such that Plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is GRANTED, but the Complaint is DISMISSED WITH LEAVE TO AMEND pursuant to 28 U.S.C. § 1915(e)(2).

Any amended complaint must be filed on or before **August 31, 2016**, and must:

(1) either be pled in Plaintiff's actual name or be accompanied by a motion that, consistent

4

Case No.: 5:16-cv-02993-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT

1   with Judge Cousins' prior order on this topic, demonstrates why Plaintiff is entitled to remain

2   anonymous under applicable Ninth Circuit authority (United States v. Stoterau, 524 F.3d 988,

3   1012 (9th Cir. 2008));

4   (2) identifies the legal authority upon which Plaintiff brings any claim; and

5   (3) contains sufficient factual content to state a non-frivolous claim against any defendant.

6   Plaintiff is advised that the court may dismiss this action without further notice if an

7   amended complaint is not filed by the designated deadline.  Plaintiff is further notified the court

8   will review any amended complaint pursuant to § 1915(e)(2).

**IT IS SO ORDERED.**

Dated:  August 16, 2016

EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:16-cv-02993-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT